UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID J. SMITH, )
)
       Petitioner, )
v. ) No. 1:08-cv-214-DFH-DML
)
STANLEY KNIGHT, Superintendent, )
)
       Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of David Smith for a writ of habeas corpus, on the respondent's return to order to show cause, on Smith's reply, and on the expanded record.

Having considered such pleadings and record, and being duly advised, the court finds that Smith's petition for writ of habeas corpus must be denied and this action dismissed with prejudice.

## Discussion

Smith is confined at the Pendleton Correctional Facility, an Indiana prison. In a proceeding identified as No. ISR 07-11-0010, Smith was found guilty of violating prison rules by committing battery without a weapon. This determination was made on November 16, 2007, following which Smith was sanctioned. The evidence favorable to the conduct board's decision, *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), is that during the afternoon of November 3, 2007, Smith and another inmate (Griffin) exchanged words at a fence near K-Dorm. Griffin had been on his way to the chow hall. Smith was at recreation. Approximately ½ hour later, as Griffin walked past the same fence, Smith threw an unknown substance at Griffin. This was the battery. Contending that the proceeding was tainted with constitutional error, Smith now seeks a writ of habeas corpus. His specific contentions are that: (1) he was denied evidence; (2) his request for an investigation was improperly handled; and (3) he was unable to speak with his lay advocate prior to his hearing.

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Smith received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Smith was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision.

Smith's claims that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record or based on assertions which do not entitle him to relief.

- Smith claims that he was denied evidence. The expanded record, however, shows that there was no violation of Smith's right to due process as to this subject, because the statement of a requested witness was obtained and considered, because one requested witness was not identified, and because the videotape record Smith requested did not show the incident and was therefore deemed to be irrelevant.

- Smith challenges the sufficiency of the evidence. As recounted above, however, the conduct board could have concluded from the evidence that after exchanging words with inmate Griffin during the afternoon of November 3, 2007, Smith threw an unknown substance at Griffin as Griffin was walking past a fence at the same location where the two had exchanged words a short time earlier. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and provides a direct account of the battery. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

!      Smith claims that an investigation he requested after the hearing was improperly handled. Whether there is a factual basis for this claim or not, this claim fails to support relief because (a) "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief," *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.), *cert. denied,* 519 U.S. 907 (1996), and (b) *Wolff* and its progeny specify the due process protections which are to be afforded

!      Smith also seeks relief based on his contention that he did not have the chance to speak with his lay advocate prior to the hearing. This claim, however, was not included in Smith's administrative appeal. Smith has committed procedural default with respect to this claim, *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992), and the claim itself, in any event, would not support the relief Smith seeks. *Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir. 1992) (reviewing the limited circumstances in which *Wolff* contemplates the need for a lay advocate--the inmate's illiteracy or the complexity of the case).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Smith to the relief he seeks. Accordingly, Smith's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   11/14/2008